ANDREW E. LEE ET AL., APPELLEES, V. POLLY P. NEWELL ET AL.; MARY BUTLER, APPELLANT.

FILED MAY 15, 1914.   No. 17,466.

1. **Subrogation.** A court of equity will apply the doctrine of subrogation where to refrain from so doing would permit a person who has received the benefit of money paid under a mistake of fact, which discharged a lien upon real estate, to retain such benefit under such circumstances that equity and good conscience dictate its repayment or the preservation of the lien.

2. **Vendor and Purchaser: BONA FIDE PURCHASER.** One who purchases land with knowledge of the fact that a suit is pending to establish a tax lien thereon, which was begun in due season against the grantor, takes subject to the pending action.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*W. R. Butler,* for appellant.

*Arthur F. Mullen, contra.*

LETTON, J.

This is an action to subrogate the plaintiffs to the rights of Holt county to the foreclosure of a tax lien, upon certain lands of which they are not the owners, upon the ground that their agent and attorney paid the taxes upon the land by mistake, instead of purchasing the property at tax sale as he was directed to do. The prayer is that the apparent satisfaction of the tax lien be canceled, and that a foreclosure may be had. Defendants Newell disclaimed ownership, and alleged they had sold the land to Mary Butler. Afterwards Mary Butler was made a party defendant, and

96 Neb. 14

filed an answer alleging ownership and payment of taxes since her purchase, making a general denial, and pleading the statute of limitations, gross negligence, etc.

The facts seem to be that the plaintiffs, who reside in South Dakota, are the owners of a large tract of land surrounding the tract in question; that they desired to acquire a tax title to the land, and directed their agent in Holt county, Mr. Benedict, to acquire the land at tax sale; that he misunderstood, thought they were the owners of the property by purchase from Newell, and paid the taxes, instead of purchasing the same from the county; that at that time the title was in defendants Newell; that a few weeks after he had made the payment, Mr. Butler, the husband and attorney of Mary Butler, was told by Mr. Benedict that he had paid the taxes by mistake, but that the land was still liable for the taxes. Mr. Butler admits he knew these facts before the purchase from the Newells, and that his principal occupation for some years has been purchasing defective titles and tax liens in the name of his wife, Mary Butler, and clearing the titles by litigation, if necessary. The deed from the Newells to Mary Butler was filed for record May 22, 1905, but by error this land was not described. This action was begun on June 10, 1905, while the record title was in Mrs. Newell. Mr. Butler testifies that, after the deed was returned to him from the county clerk after recording, he sent it to Mr. Newell and had the proper description inserted, and that after its return to him he asked the county clerk to correct the record. There was a mistake of fact made by Benedict as to the ownership of the land when he paid the taxes. The object of the plaintiffs was to purchase the tax lien of Holt county, and not to discharge it by payment. Full notice of these facts was had by the Butlers before any money was paid to the Newells for the land.

These facts bring the case within the powers of a court of equity to grant relief. The plaintiffs paid the money without receiving that which they intended to purchase, and the defendant is not entitled to be protected, for the reason that to allow her to retain the benefit of a mis-

Chicago, R. I. & P. R. Co. v. Nebraska State Railway Commission.

take, when she had full notice of its having been made and of the plaintiffs' rights, would be unjust and unconscionable. 2 Pomeroy, Equity Jurisprudence (3d ed.) sec. 849; Keener, Quasi Contracts, p. 43.

Mrs. Butler, by procuring the land apparently free of the tax lien, has in effect become the person for whose benefit the money was paid, and in equity and good conscience should return it to the plaintiffs.

It is claimed that the action against Mrs. Butler is barred by the four-year statute of limitations. The action was begun against the Newells in due time. Mrs. Butler, by taking the title from Mrs. Newell after the action was begun, with knowledge of the facts, obtained no greater rights than her grantor, and took subject to the result of the pending action. This plea is, therefore, ineffectual.

The judgment of the district court is

AFFIRMED.